IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GABRIELA TORO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 732 |
| | ) | |
| **ICS COLLECTION SERVICE** | ) | |
| 8231 185 St. Suite 100, | ) | |
| Tinley Park, IL 60487 | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This action has just been assigned to this Court's calendar via the customary random assignment. This sua sponte memorandum order is prompted by what appears to be the problematic nature of this action advanced under the Fair Debt Collection Practices Act ("Act").

This Court is of course well aware of the undemanding nature of the Act's standard for the potential actionability of communications by debt collectors, as consistently applied by our Court of Appeals and hence by this Court and its District Court colleagues. But the collection conduct that is complained of in the Complaint filed by counsel on behalf of plaintiff Gabriela Toro ("Toro") appears to substitute a sort of "village idiot" standard for the admittedly generous one prescribed by the caselaw. Complaint Ex. A is a vanilla-flavored notice to Toro by defendant Illinois Collection Service Inc. that says it has been retained by Resurrection Health Care for collection of an outstanding balance and then states politely:

> Please remit the balance in full to our office to avoid further collection action.

Against that background, here is what Toro's lawyer asserts:

15. By giving the vague threat of "further collection action," without stating what this action may be, Defendant is giving Plaintiff the reasonable

> impression that it is threatening either illegal action or action that it has no intention of taking.
>
> 16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

That "reasonable impression" does not strike this Court as at all reasonable, except perhaps from the perspective of a lawyer seeking to take undue advantage of the generous lens through which the Act requires collection letters to be read. This Court expresses no ultimate view on the subject, but on or before February 6, 2015 Toro's counsel is ordered to file a brief listing of cases (not a memorandum) that in counsel's view support a claim under the auspices of the Act.[1] In the interim this Court is not setting an initial status hearing date in the case.

                                                                           _____
                                                                           Milton I. Shadur
                                                                           Senior United States District Judge

Date: January 27, 2015

---

[1] Those listed opinions should, of course, preferably be the work product of federal courts at the appellate level -- we are regularly (and properly) reminded by our Court of Appeals that District Court opinions carry no precedential weight.