**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GABRIELA TORO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 732 |
| | ) | |
| **ICS COLLECTION SERVICE** | ) | |
| 8231 185 St. Suite 100, | ) | |
| Tinley Park, IL 60487 | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This Court makes every effort to review all filings in cases assigned to its calendar within a day or two after it has received the courtesy copies of those filings in its chambers, as prescribed by LR 5.2(f). In this instance it promptly conducted its threshold review of the January 26, 2015 Complaint brought by Gabriela Toro ("Toro"), which asserted a violation of the Fair Debt Collection Practices Act ("Act") by ICS Collection Service, and it issued a brief memorandum order ("Order") on the very next day, January 27. That Order said in part that the collection conduct complained of in the Complaint "appears to substitute a sort of 'village idiot' standard for the admittedly generous one prescribed by the caselaw" and concluded that "on or before February 6, 2015 Toro's counsel is ordered to file a brief listing of cases (not a memorandum) that in counsel's view support a claim under the auspices of the Act."

Toro's counsel has filed a timely response that cites and has attached copies of two opinions that purportedly support Toro's claim. Both of those opinions were issued by District Judges, despite this cautionary footnote 1 contained in the Order:

Those listed opinions should, of course, preferably be the work product of federal courts at the appellate level -- we are regularly (and properly) reminded by our Court of Appeals that District Court opinions carry no precedential weight.

More importantly, Toro's counsel does not seem really to have read the very opinions that he seeks to bring to Toro's aid.  Even apart from the above-quoted cautionary footnote, there is no need to pause on the opinion by District Judge Richard Mills tendered by Toro's counsel -- an opinion that dealt with a totally different situation involving repeated telephonic collection efforts, during one of which the plaintiff asked what was meant by an oral statement by the debt collector representative that "if you do not take care of this today, we are going to take further action," and in which the representative then refused to answer the debtor's inquiry as to what "further action" meant.  But far more significantly, the other opinion submitted by Toro's counsel  -- that authored by this Court's colleague Honorable Gary Feinerman -- reveals that our Court of Appeals has weighed in on the issue with binding precedent that almost certainly dooms Toro's claim.

That case, which did not at all set out new law but rather summarized succinctly the judicial approach to be taken to the application of Act § 1692(e), is Lox v. CDA, Ltd., 689 F.3d 818 (7th Cir. 2012).[1]  Lox, id. at 822 (citations and internal quotation marks omitted) first speaks to our Court of Appeals' application of the "unsophisticated consumer" standard that governs that section of the Act:

Instead, we use the "unsophisticated consumer" standard, as we do with all claims under § 1692e, and for purposes of § 1692e a statement isn't "false" unless it would confuse the unsophisticated consumer.  The unsophisticated consumer may

---

[1]  It is frankly astonishing for Toro's counsel to have cited Judge Feinerman's opinion, given its extensive quotation of the language in Lox that is repeated in this opinion and that is so damaging -- almost surely fatally damaging -- to Toro's action.

- 2 -

be uninformed, naïve, and trusting, but is not a dimwit,[2] has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences. Furthermore, because we have rejected the "least sophisticated consumer" standard, a letter must be confusing to a significant fraction of the population.

Then Lox, id. spells out the three categories of Act § 1692e cases, repeatedly citing for that purpose the lengthy and more comprehensive discussion in Ruth v. Triumph P'ships, 577 F.3d 790, 800-01 (7th Cir. 2009):

Contrary to some other circuits, *see, e.g., Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1061 n.3 (9th Cir. 2011), we treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact. *See Walker v. Nat's Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999). As an outgrowth of this practice, we have determined that there are three categories of § 1692e cases. *Ruth*, 577 F.3d 800. The first category includes cases in which the allegedly offensive language is plainly and clearly not misleading. *Id.* The second category of cases includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer. *Id.* If a case falls into this category, we have held that plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive. *Id.* The final category includes cases involving letters that are plainly deceptive or misleading, and therefore do not require any extrinsic evidence in order for the plaintiff to be successful. *Id.* at 801.

It is beyond question that the collection letter language to which Toro's Complaint refers does not even begin to approach the "clearly misleading on their face" category of collection notices that fit into the third category described in Ruth and Lox. In this Court's opinion the letter's language fits instead into the first category -- but even assuming arguendo that there is room for differences of view on that score, the best that Toro could hope for is a second-category characterization. And in that respect the only potential predicate that could permit this action to go forward would be a willingness by Toro and her counsel "to produc[e] extrinsic evidence,

---

[2] [Footnote by this Court] "Dimwit," of course, is a vernacular term entirely comparable to this Court's use of the vernacular "village idiot" in its earlier Order in this case.

such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive."

Accordingly this action is set for a status hearing at 9 a.m. February 24, 2015 to ascertain Toro's intention in that respect. Unless Toro's counsel can provide an affirmative answer to that question at that time, this Court will dismiss this action for its clear failure to state a claim coming within either (1) the properly-evidence-supported second category or (2) the third category enunciated in <u>Ruth</u> and <u>Lox</u>.



_____

Milton I. Shadur
Senior United States District Judge

Date: February 10, 2015